# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JAMES BEASLEY v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9728   Jon K. Blackwood, Judge**

---

**No. W2004-01899-CCA-R3-HC  - Filed March 22, 2005**

---

The Petitioner James Beasley appeals the trial court's denial of his petition for habeas corpus ad testificandum.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  An appeal as of right does not exist from a denial of a petition for habeas corpus ad testificandum.  Accordingly, the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ.  joined.

James Beasley, pro se.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, James Beasley, is currently confined as an inmate in the Northwest Correctional Complex in Tiptonville, Tennessee.  On July 7, 2004, Petitioner filed a "Petition for Writ of Habeas Corpus Ad Testificandum" in the Hardeman County Circuit Court.  The basis of the

1

petition was to require the warden of Northwest Correctional Complex to transport Petitioner to the next scheduled session of the Hardeman County Grand Jury for the purpose of "provid[ing] testimony" in any "tentative[ly] scheduled hearing pertaining to the case of *James Beasley v. Lawrence McKinney.*" The trial court dismissed the petition on July 22, 2004. A notice of appeal document was timely filed to the Tennessee Court of Appeals. On January 7, 2005, the Tennessee Court of Appeals entered an order transferring this matter to this Court.

Although not contained in the record before this Court, we are provided a summary of the circumstances anticipating the petition from the Petitioner's brief. As alleged by Petitioner, a fellow inmate stabbed the Petitioner several times resulting in "injuries [that] created life threatening chain of events." Petitioner avers that Department of Correction officials "flagrantly refused to prosecute" this inmate. Petitioner then sought an order from the trial court requiring that the prison warden deliver the Petitioner before the grand jury to "provide testimony" and seek an indictment against his attacker.

The State has filed a motion to affirm the lower court's dismissal in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State also requests permission to late file this motion, stating that this matter was not transferred to the Court of Criminal Appeals until January 7, 2005, the same date as an appellee's brief was due in the Court of Appeals. The State's request for permission to late file its brief is GRANTED, if the pleading is indeed late. In its motion to affirm, the State argues that there is no appeal as of right from the lower court's order. Alternatively, the State contends that the trial court did not err by denying the petition as there is nothing contained in the petition to indicate that Petitioner's testimony was necessary for a criminal proceeding.

Rule 3, Tennessee Rules of Appellate Procedure, provides for an appeal as of right, not only from a final judgment of conviction, but also from an order denying or revoking probation and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding. Rule 3 "does not, however, include an appeal from an order denying a 'petition for writ of habeas corpus ad testificandum,' a writ used to bring a prisoner to court to testify." *Richard Lynn Norton v. State*, No.E2002-02147-CCA-R10-CO (Tenn. Crim. App., at Knoxville, Sept. 13, 2002) (*order*), *perm. to appeal denied*, (Tenn. Dec. 2, 2002), *reh'g denied*, (Tenn. Jan. 27, 2003); *see also Richard Lynn Norton v. State*, No. E2002-02145-CCA-R3-CO (Tenn. Crim. App., at Knoxville, Jul. 14, 2004) (*order*), *perm. to appeal denied*, (Tenn. Nov. 15, 2004).

There is no appeal as of right from the lower court's denial of a petition for writ of habeas corpus ad testificandum. Moreover, while the common law writ of certiorari may be granted in cases where (1) an inferior tribunal has exceeded its jurisdiction or is acting illegally and (2) there is no other plain, speedy, or adequate remedy, *see State v. Leath*, 977 S.W.2d 132, 135 (Tenn. 1998); Tenn. Code Ann. § 27-8-101, this Court finds no basis for granting a writ of certiorari in this case.

Based upon the foregoing, this Court concludes that it is without jurisdiction to entertain the above-captioned appeal. Accordingly, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE